UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DERRICK G. GOOCH, individually** <br> **and on behalf of JODY L. GOOCH** | : | **DOCKET NO. 2:18-cv-00278** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **PACKAGING CORPORATION OF** <br> **AMERICA, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand filed by plaintiff Derrick G. Gooch, individually and on behalf of Jody L. Gooch. Doc. 11. Defendant, Packaging Corporation of America ("PCA"), opposes remand. Doc. 13. This motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated below, **IT IS RECOMMENDED** that the motion be **DENIED** and that all claims against Lester, LeBleu, and JMW be **DISMISSED WITHOUT PREJUDICE**.

### I.
#### BACKGROUND

This cases arises from an explosion that occurred on February 8, 2017, during an annual maintenance outage at the paper mill owned by PCA in DeRidder, Louisiana, and resulted in the death of plaintiff's father, Jody L. Gooch. Doc. 1, att. 8, p. 3. According to the complaint, the decedent was a welder who had been contracted by PCA to conduct repairs, including "hot work," at the mill. *Id.* at 3–4. On February 2, 2018, plaintiff, a Texas resident, filed suit in the 36th Judicial District Court, Beauregard Parish, Louisiana. *Id.* at 3. He seeks to recover individually and on behalf of his father against PCA, "a Delaware corporation with its principal place of business in

Illinois;" Floyd J. LeBleu and Raymond Lester, both of whom are residents of Louisiana; and James Machine Works, LLC ("JMW"), "a Louisiana limited liability company with its principal place of business located in the Parish of Ouachita, State of Louisiana." *Id.*

On March 5, 2018, PCA removed the action to this court on grounds it has jurisdiction pursuant to 28 U.S.C. § 1332 because plaintiff seeks damages totaling more than $75,000 and there is complete diversity between the parties. Doc. 1. PCA maintains that LeBleu, Lester, and JMW are improperly joined because plaintiff fails to state a valid cause of action against them. *Id.*

Plaintiff filed a Motion to Remand on April 4, 2018. Doc. 11. He argues that his petition set forth a valid cause of action against LeBleu and Lester through the requirements set forth under Louisiana jurisprudence for employee liability. Doc. 11, att. 1, pp. 4–7 (citing *Canter v. Koehring Co.*, 283 So.2d 716, 722 (La. 1973)). He also asserts that JMW was properly joined because it manufactured the tank that exploded. *Id.* at pp. 8–9. Accordingly, he states, defendants have violated the forum defendant rule, 28 U.S.C. § 1441(b)(2), by removing this suit even though LeBleu, Lester, and JMW are citizens of the forum state. *Id.* at p. 3. He also asserts another procedural defect in removal through JMW's lack of consent thereto. *Id.* at 8. PCA opposes remand. Doc. 13.

## II.
## LAW & ANALYSIS

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and by statute." *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (quotation omitted). Generally, a defendant may remove a civil action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The diversity provisions of 28 U.S.C.

§ 1332(a)(1) require complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Here the parties do not contest that the amount in controversy is met or that there is complete diversity among them. Instead, plaintiff alleges two procedural defects to removal: failure to obtain the consent of a codefendant and violation of the forum defendant rule.

### A. Consent to removal.

Plaintiff first argues that the notice of removal was defective because PCA failed to obtain JMW's consent. Doc. 11, att. 1, p. 8. "When a civil action is removed under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1442(b)(2)(A). It is unclear when JMW was served in this matter. However, removal is premised on the notion that JMW was **not** properly joined. Doc. 1, p. 9. As PCA notes, it is well settled that an improperly joined party is not required to consent to removal. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

### B. Forum Defendant

Under the "forum defendant rule," a case that is otherwise removable on the basis of diversity (and solely on that basis) must be remanded if any defendant who was "properly joined and served" is a citizen of the state where the original action was brought. 28 U.S.C. § 1441(b)(2).

In the notice of removal, as referenced above, defendants maintained that the in-state defendants were improperly joined to this action. Plaintiff asserts that remand is required because he has stated a plausible claim against LeBleu, Lester, and JMW under Louisiana law. Doc. 11, att. 1, p. 3. If removal is based on a claim that an in-state defendant has been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or an "inability of the plaintiff to establish a cause of action against the non-diverse party in state

court."[1] *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). Only the latter method is relevant here, because no fraud is alleged. Thus the relevant question is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* The movant is therefore required to put forth evidence "that would negate a possibility of liability on the part of [the nondiverse defendant]." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 767 (5th Cir. 2016) (quoting *Travis*, 326 F.3d at 650) (alterations in original). All contested issues of substantive fact and ambiguities in the controlling state law must be resolved in the plaintiff's favor. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

In order to assess the plaintiff's possibility of recovery against the non-diverse defendant, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 574. This inquiry "depends upon and is tied to the factual fit between the [plaintiff's] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 574.

In some cases, however, the analysis should advance past the standards of Rule 12(b)(6). *Id.* at 573. This is appropriate where the plaintiff "has stated a claim, but has misstated or omitted

---

[1] The parties do not appear to contest the application of this doctrine, which began as an exception to the rule of complete diversity, to forum defendants. Today we join with the courts that assert that improper joinder has already been tacitly extended, or at least should easily be extended, to the forum defendant context, in particular reliance on the "properly joined" language in the statute. *See Butler v. ENSCO Intercontinental GmbH*, 2017 WL 496073, at *6–*7 (S.D. Tex. 2017) (collecting cases).

discrete facts that would determine the propriety of joinder." *Id.* "In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* The summary inquiry is only appropriate "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant," and should not proceed into a resolution of the merits. *Id.* at 573–74. On a summary inquiry into improper joinder, the court must still resolve all ambiguities in the plaintiff's favor. *Travis*, 326 F.3d at 648–49.

1. **Improper Joinder of Raymond Lester and Floyd LeBleu**

PCA contends that plaintiff has not established a plausible claim that Lester or LeBleu is personally liable for Gooch's death. Doc. 13, p. 13. In this diversity case, the court applies state law to evaluate the sufficiency of the plaintiff's claims. *Henry v. O'Charleys, Inc.*, 861 F.Supp.2d 767, 771 (W.D. La. 2012). Under Louisiana tort law, an employee is personally liable to a third person if the employee breached a personal duty owed to that person. *Freeman v. Wal-Mart Stores, Inc.*, 775 F.Supp. 208, 210 (W.D. La. 1991). Courts look to the factors set forth by the Louisiana Supreme Court in *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973), to determine if there is a basis for an employee's personal liability. *Id.* Under *Canter*, four factors must be satisfied before personal liability can be imposed:

> (1) The employer must owe a duty of care to the third person, the breach of which caused the damages for which recovery is sought.
>
> (2) The duty was delegated by the employer to the particular employee.
>
> (3) The employee breached the duty through his own personal fault.
>
> (4) Personal liability cannot be imposed simply because of general administrative responsibilities; instead it must result from a personal duty to the plaintiff that was not properly delegated to another employee.

*Canter*, 283 So.2d at 721 (*superseded by statute on other grounds as stated in Walls v. Am. Optical Corp.*, 740 So.2d 1262, 1265 (La. 1999)). Because the existence of a valid claim against Lester

and LeBleu depends on certain discrete and undisputed facts included in the parties' exhibits but omitted from the complaint, we exercise our discretion to pierce the pleadings in this matter.

Plaintiff contends that LeBleu was responsible for the safety of all contractors working at the mill. Doc. 11, att. 1, p. 6. As to Lester, plaintiff states that he had supervisory duties over the specific area of the mill in which the explosion occurred. *Id.* According to plaintiff, both defendants "caused, approved, or otherwise allowed a 'hot-work' permit" to be issued which authorized the welders to work near the FC tank, thus breaching their duty. *Id.* (citing doc. 1, att. 8, ¶¶ 3–4, 6–7). He also argues that LeBleu and Lester knew that the FC tank posed a hazard but did nothing to prevent the explosion. *Id.* at pp. 6–7 (citing *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994)).

PCA has submitted sworn declarations by Lester [doc. 13, att. 1], and LeBleu [doc. 13, att. 2], in which they aver that they were never delegated any duties to oversee the FC tank, did not issue or authorize any hot-work permit for the day of the explosion, and were unaware that any hot work was scheduled near the FC tank at that time. Plaintiff has provided no evidence, in the form of an affidavit or otherwise, that contradicts the defendants' sworn statements. Thus, he failed to state a plausible claim against either LeBleu or Lester and both defendants should be dismissed as improperly joined.

### 2. Improper Joinder of James Machine Works

In the complaint, plaintiff charges that JMW is liable under Louisiana law for negligently manufacturing the FC tank. Doc. 1, att. 7. Defendants assert, in relevant part, that there is no possibility of recovery against JMW, rendering it improperly joined under *Smallwood*, supra, because all claims against it are perempted under Louisiana Revised Statute § 9:2772. Doc. 13, pp. 25–29. In support they provide a sworn declaration from Bruce Kummerfeldt, describing the circumstances of the FC tank's installation. Plaintiff provides no reply to this, and so for the

reasons found by this court in *Delarosa*, No. 2:18-cv-186 (W.D. La.); *Rolls*, No. 2:18-cv-188 (W.D. La.); *Ayers*, No. 2:18-cv-289 (W.D. La.); and *Stallworth*, No. 2:18-cv-440 (W.D. La.); we determine that such claims are preempted and JMW is likewise improperly joined. Accordingly, the status of JMW, Lester, and LeBleu can be disregarded for the purposes of determining a forum defendant violation. The plaintiff fails to show any procedural defect in removal, and the motion to remand should therefore be denied.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Remand [doc. 9] be **DENIED** and that all claims against Lester, LeBleu, and JMW be **DISMISSED WITHOUT PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 30th day of August, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE