UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| DERRICK GOOCH | CIVIL ACTION NO. 2:18-00278 |
| VERSUS | JUDGE SUMMERHAYS |
| PACKAGING CORP. OF AMERICA, INC., ET AL | MAG. JUDGE KAY |

## RULING ON OBJECTIONS

Before the court is a "Motion to Remand" (Rec. 11). The Magistrate Judge issued a Report and Recommendation[1] wherein she recommended that the Motion to Remand be denied. It also recommended that Defendants, Floyd J. Lebleu, Raymond Lester, and James Machine Works, LLC, be dismissed without prejudice. The Court issues this Ruling to address Plaintiff's objections that the Magistrate Judge erred by piercing the pleadings and that her "improper summary inquiry yielded improper results." (Rec. 17 at 7).[2]

The Court finds the Magistrate Judge appropriately exercised her discretion to pierce the pleadings in this matter. When a plaintiff has stated a claim but has misstated discrete facts that would determine the propriety of joinder, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.[3] The complaint alleges that Defendants, Lester and Lebleu, issued or caused to be issued permits that allowed the welders to conduct hot work near the Foul Condensate Tank ("FCT") that exploded; it also alleges that Lester and Lebleu owed a personal duty to Plaintiff, Derrick Gooch.

---

[1] Rec. #14.
[2] The Court finds Plaintiff's final objection (Rec. 17 at 11) is without merit, and overrules it without further discussion.
[3] *Guillory v. PPG Industries, Inc.* 434 F.3d 303 (5th Cir. 2005).

1

Defendant, Lester, submitted a Declaration[4] wherein he declared that the FCT was not within the scope of his responsibilities, and he had no personal duty or responsibility for maintenance, repairs or safety of the FCT. Lester declares that he worked the night shift and made no decisions with regard to the FCT. Lester's duties as Superintendent of the Yard did not include issuing or causing to issue hot work permits, nor did it include the decision to drain and clean the FCT. Significantly, the FCT which exploded was not under the scope of Lester's duties and/or responsibilities, and he had no knowledge that Elite Welders or its employees were performing work, or that that work was at or near the FCT. These facts are uncontradicted. The uncontradicted Declaration effectively negates Lester's responsibility and therefore his personal duty to the welders on the day of the explosion. The undersigned is satisfied that Defendant, Lester, has met his burden of proof to preclude the possibility of recovery.

Defendant, LeBleu, submitted a Declaration[5] wherein he declared that he oversaw and managed capital projects. The FCT was not within the scope of his general administrative responsibilities. LeBleu's duties or responsibilities did not include issuing a purchase order for welding. The order for welding was a maintenance job and LeBleu was not involved in maintenance, only capital projects. Draining and/or cleaning the FCT was not within LeBleu's job responsibilities. As a Project Engineer, LeBleu's job did not include issuing or causing to issue a work permit, and he had no knowledge of the welding being performed near the FCT.

Lebleu further declared that he was never delegated the job responsibility to determine whether to drain and clean the FCT in advance of the hot work being performed on the day of the explosion. In addition, Lebleu declared that he had no knowledge of hot work being performed at

---

[4] Defendants' exhibit A, Rec. 13-1.
[5] Defendants' exhibit B, Rec. 13-2.

2

or near the FCT on the day of the explosion. These facts are uncontradicted. The undersigned is satisfied that Defendant, Lebleu, has met his burden of proof to preclude the possibility of recovery.

## **CONCLUSION**

Accordingly, for these additional reasons as well as those stated by the Magistrate Judge, the Report and Recommendation will be adopted, the Motion to Remand will be denied, and Defendants, Raymond Lester, Floyd J. Lebleu and James Machine Works, LLC, will be dismissed without prejudice.

**THUS DONE AND SIGNED** in Lafayette, Louisiana on this 13th day of November, 2018.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE