UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DERRICK GOOCH, ET AL.** | : | **CIVIL ACTION NO. 18-cv-278** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **PACKAGING CORPORATION OF AMERICA, INC., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion for Leave to File Complaint in Intervention filed by National Fire Insurance Company of Hartford ("National Fire."). Doc. 28. The motion is supported by plaintiff Derrick G. Gooch, individually and on behalf of Jody L. Gooch. Doc. 31. The motion is opposed by defendant Packaging Corporation of America, Inc. ("PCA."). Doc. 32. This motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated below, **IT IS RECOMMENDED** that the Motion for Leave to File Complaint in Intervention be **DENIED**.

**I.**
**BACKGROUND**

This case arises from an explosion that occurred on February 8, 2017, during an annual maintenance outage at the paper mill owned by PCA in DeRidder, Louisiana, and resulted in the death of plaintiff's father, Jody L. Gooch. Doc. 1, att. 8, p. 3. According to the complaint, the decedent was a welder who had been contracted by PCA to conduct repairs, including "hot work," at the mill. *Id.* at 3–4. On February 2, 2018, plaintiff, a Texas resident, filed suit in the 36th Judicial

District Court, Beauregard Parish, Louisiana. *Id.* at 3.  He named as defendants PCA, a corporation with citizenship in Delaware and Illinois, Floyd J. LeBleu and Raymond Lester, both of whom are residents of Louisiana; and James Machine Works, LLC ("JMW"), "a Louisiana limited liability company with its principal place of business located in the Parish of Ouachita, State of Louisiana." *Id.*  On March 5, 2018, PCA removed the action to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  Doc. 1.  Although plaintiff sought remand asserting that LeBleu, Lester and JMW destroyed diversity [doc. 11], we found all three to be an improperly joined parties [doc. 14] and on November 14, 2018 all claims asserted against them were dismissed without prejudice. Doc. 21.

On March 18, 2019, National Fire, an Illinois citizen[1], filed the instant Motion for Leave to File Complaint in Intervention. Doc. 28.  It asserts that it has paid sums in indemnity and medical to and on the behalf of plaintiff pursuant to National Fire's policy of worker's compensation issued to Jody L. Gooch's employer, Elite Industrial Services, LLC. *See Id.* at att. 1, p. 1.  It claims its intervention is necessary to protect its interests. *See Id.* at 2, 5-6. The intervention is supported by plaintiff [doc. 31] however PCA opposes, initially arguing intervention was untimely, and that National Fire already has a remedy established under Texas law for reimbursement of benefits paid.  Doc. 32, pp. 2-3. Then on May 9, 2019, PCA filed a Supplemental Response in Opposition to National Fire's Motion for Leave to File Complaint in Intervention.  Doc. 35. PCA now argues that National Fire has no interest in this suit because the Texas Department of Insurance Division of Workers' Compensation found that Derick Gooch was not a proper legal beneficiary of Jody L. Gooch [*id.*].  PCA evidences this with a copy of the court's decision and order. *Id.* at att. 1.

---

[1] National Fire states its "citizenship and principal place of business are in the State of Illinois." Doc. 28, att. 1, p. 1.

## II.
## LAW & ANALYSIS

Intervention of right is governed by Federal Rules of Civil Procedure Rule 24(a). Fed.R.Civ.P. 24. Rule 24(a)(1) permits intervention of right when a federal statute grants "an unconditional right to intervene," and Rule 24(a)(2) permits intervention when a prospective intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." National Fire has asserted no federal statute giving it "an unconditional right to intervene," so at issue is only whether it can intervene as of right under Rule 24(a)(2).

To intervene as of right under Rule 24(a)(2) the prospective intervenor must meet each of four requirements:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Texas v. U.S.*, 805 F.3d 653, 657 (5th Cir. 2015) (citing *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984)). "[F]ailure to satisfy any one element precludes the applicant's right to intervene." *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005).

Under the second requirement, National Fire claims it has an interest in this suit insofar as it "was called upon to pay, and did in fact pay to or on behalf of Mr. Gooch and/or his heirs the amount of $326,904.46 in indemnity death benefits," [doc. 28, att. 4, p. 2] pursuant to "a contested case hearing in the State of Texas." Doc. 28, att. 1, p. 4. However, PCA asserts that National Fire has no interest in this suit because the Texas Department of Insurance Division of Workers'

Compensation found that Derick Gooch was not a proper legal beneficiary of Jody L. Gooch [doc. 35], PCA evidences this with a copy of the court's decision and order. *Id.* at att. 1. The order concludes that "Derrick Gooch [is] not [a] proper legal beneficiar[y] of Jody L. Gooch.," and orders the carrier to pay death benefits to Jody L. Gooch's biological parents. *Id.* at 7. As National Fire did not pay death benefits to Derrick Gooch,[2] they have no interest in this suit. Accordingly, we recommend National Fire's motion be denied.

### III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion for Leave to File Complaint in Intervention be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir.1996).

---

[2] Although Derrick Gooch brought this suit individually, "and on behalf of his deceased father, Jody L. Gooch, [doc. 1, att. 8, p.3] his claims "pursuant to Louisiana Civil Code Article 2315.1 and 2315.2" [*id.* at 7] belong exclusively to him. While the underlying cause of action under La. C.C. art. 2315.1 belongs to the injured party, proceeds from such an action devolves exclusively upon a specifically designated class of beneficiaries; the action is not part of the estate of a decedent. *See* Warren L. Mengis, *The Article 2315.1 Survival Action: A Probate or Non-Probate Item*, 61 La. L. Rev. 417, 422 (2001); *See also Succession of Theobald*, 263 So.3d 960, 965 (La.App. 5 Cir. 2018) ("the survival action is not part of the estate of the decedent"); *See also Juneau v. State ex rel. Dept. of Health and Hospitals*, 197 So.3d 398, 404 (La.App. 1 Cir. 2016) (concluding only members of the designated class of survivors under 2315.1 were entitled to settlement proceeds).

THUS DONE AND SIGNED in Chambers this 23rd day of September, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE